ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA MITCHELL, SBN 18122 (WA)
AMI SANGHVI, SBN 4407672 (NY)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3071
Fax No. (415) 522-3425
ami.sanghvi@eeoc.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY HOME ENERGY, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION<br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Charging Party Ayesha Faiz who was adversely affected by such practices.  As alleged below, Fidelity Home Energy, Inc. subjected Ms. Faiz to a hostile work environment based on her Afghan national origin and constructively terminated her employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3) and §102 of the

Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the city of San Leandro and the county of Alameda.

**INTRADISTRICT ASSIGNMENT**

3. This action is appropriate for assignment to the Oakland Division of this Court because the unlawful employment practices alleged were committed in Alameda County, which is within the jurisdiction of the Oakland Division.

**PARTIES**

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, Fidelity Home Energy, Inc. (the Employer or Defendant) has continuously been a California corporation doing business in the State of California and the City of San Leandro, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

7. More than 30 days before the filing of this lawsuit, Ayesha Faiz filed a timely charge with the EEOC alleging that Defendant violated Title VII.

8. On August 20, 2018, the EEOC issued to Defendant a Determination for Ayesha Faiz's charge finding reasonable cause to believe, *inter alia*, that Defendant violated Title VII by subjecting Ms. Faiz to harassment and constructive discharge based on her national origin. The EEOC invited Defendant to join in informal conciliation methods in a collective effort toward a just resolution of Ms. Faiz's charge.

9. On August 28, 2018, the EEOC sent Defendant a conciliation proposal outlining the terms required for resolution of the charge and claims described in the Determination referenced in paragraph 8, above.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination referenced in paragraph 8, above.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

12. By letter dated September 7, 2018, the EEOC notified Defendant that the EEOC had determined that further conciliation efforts would be futile or non-productive. The letter also informed Defendant that the EEOC would not make any further efforts to conciliate Ms. Faiz's charge.

13. All conditions precedent to the initation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### First Claim – Hostile Work Environment

14. Since at least November 12, 2015, Defendant Employer has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices, which continued on a regular basis, included subjecting Ms. Faiz to an offensive, abusive and hostile work environment on the basis of her national origin.

15. Defendant, Fidelity Home Energy, Inc. sells solar panels and other energy efficient products. Defendant's Owner, President and CEO is Bradley Smith.

16. Ayesha Faiz is a Middle Eastern woman of Afghan descent.

17. Ms. Faiz commenced her employment with Defendant on or around November 12, 2015. Defendant hired Ms. Faiz to work as a Representative Services Supervisor in Defendant's Representative Services Department in San Leandro, California. Employees in the Representative Services Department contacted eligible customers known as "leads." Ms. Faiz's duties consisted primarily of supervising the confirmation of appointments for Defendant's sales staff to visit leads' homes.

18. Within the first week of her employment, Ms. Faiz was advised of and personally observed Defendant's adherence to a discriminatory practice of denying service to leads who Defendant's employees perceived to be of Middle Eastern or Indian descent. Ms. Faiz understood, upon information and belief, that Defendant's CEO, Bradley Smith, imposed the practice.

19. Defendant's Representative Services Supervisor (RSS), Leata Tufano, informed Ms. Faiz about the discriminatory policy during her initial training. Ms. Tufano instructed Ms. Faiz to try to discern by last name whether a lead was of Middle Eastern or Indian descent and directed her to tell callers perceived to be Middle Eastern or Indian that Defendant did not have any available appointments, even when this was not true. Defendant's RSS also charged Ms. Faiz to tell these callers that Defendant would send them information about its services even though Defendant had no intention to mail the information to them.

20. Ms. Tufano also demonstrated for Ms. Faiz how to use Google to screen caller names if she was uncertain whether the lead was Middle Eastern or Indian. She showed Ms. Faiz how to search the lead's name and view images of people with the same last name as a method to try to discern the individual's national origin. When Ms. Tufano concluded that the individual was likely Middle Eastern or Indian, she cancelled the appointment.

21. Ms. Faiz learned that Defendant used its internal database to track leads based on their ethnicity. Defendant used an "Ethnicity" field to place leads on an internal Do Not Call list when their names appeared to be Indian or Middle Eastern. Ms. Faiz also observed that Defendant's employees annotated database records for individuals who appeared to be Indian or Middle Eastern with comments such as "Not Qualified" or "We Won't Run This" or "Indian Name!" Ms. Faiz also saw a post-it note on an employee's computer that said, "No Indians."

22. Defendant instructed Ms. Faiz to insert comments, such as "NQ" or "Not Qualified" in database notes for leads that she knew the company did not want to pursue because they were likely Middle Eastern or Indian. Defendant also required Ms. Faiz to instruct subordinate telemarketers to adhere to the discriminatory practice.

23. Ms. Faiz followed Defendant's instructions and rejected leads of perceived Middle

Eastern or Indian descent, although she found the practice offensive. She was compelled to adhere to the discriminatory policy almost daily.

24. Defendant's practice of discriminating against Middle Eastern and Indian potential customers caused Ms. Faiz considerable distress and anxiety, particularly since many of the people targeted by the policy had last names shared by members of her own family and community.

25. Throughout her tenure, Ms. Faiz raised her concerns about and objections to the discriminatory practice to multiple supervisors. Nevertheless, the practice persisted causing a discriminatorily hostile work environment for Ms. Faiz.

26. The effect of the practices described in paragraphs 14 through 25 above has been to deprive Ms. Faiz of equal employment opportunities and otherwise adversely affect her status as an employee, because of her national origin, Afghan and Middle Eastern.

27. The unlawful employment practices described in paragraphs 14 through 25 above were intentional.

28. The unlawful employment practices complained of in paragraphs 14 through 25 above were done with malice or with reckless indifference to the federally protected rights of Ms. Faiz.

**Second Claim – Constructive Discharge**

29. The EEOC hereby incorporates the allegations of paragraphs 1 through 25 above as though fully set forth herein.

30. Since the beginning of November 2015, and thereafter, Ms. Faiz endured a workplace rife with discrimination directed toward Middle Eastern and Indian people. Almost daily, she was required to adhere to a discriminatory practice that excluded customers of Middle Eastern and Indian descent. She questioned multiple supervisors about the policy and complained about it. Her complaints were futile. Defendant continued to discriminate against Middle Eastern and Indian potential customers.

31. Unable to continue working under discriminatory conditions, Ms. Faiz sent a text to Defendant on December 7, 2015 writing, in relevant part: "I've been really uncomfortable working [here] knowing the company refuses to service middle easterners or Indians. . . It makes me sick to

know that we refuse to service a particular ethnicity of people. We literally go out of our way to single them out."

32. The acts of Defendant described in paragraphs 29 through 31 above and the First Claim for Relief made Ms. Faiz's working conditions so intolerable that a reasonable person would have felt compelled to resign. Ms. Faiz felt compelled to resign and was constructively discharged on December 7, 2015.

33. The effect of the actions described in paragraphs 29 through 31 above has been to deprive Ms. Faiz of equal employment opportunities and otherwise adversely affect her status as an employee.

34. The unlawful employment practices complained of in paragraphs 29 through 31 above were intentional.

35. The unlawful employment practices described in paragraphs 29 through 31 above were done with malice or with reckless indifference to the federally protected rights of Ms. Faiz.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

36. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of national origin, and/or engaging in any other employment practice that discriminates on the basis of national origin.

37. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers of Afghan, Middle Eastern or Indian descent, and which eradicate the effects of its past and present unlawful employment practices.

38. Order Defendant Employer to make whole Ms. Faiz, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Faiz.

1   39.   Order Defendant Employer to make whole Ms. Faiz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

40.   Order Defendant Employer to make whole Ms. Faiz by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

41.   Order Defendant Employer to pay Ms. Faiz punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

42.   Grant such further relief as the Court deems necessary and proper in the public interest.

43.   Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC  20507

Dated:   March 7, 2019           */S/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

Dated:   March 7, 2019           */S/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated:   March 7, 2019           */S/ Ami Sanghvi*
AMI SANGHVI
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office