SUSAN E. BISHOP, CA STATE BAR NO. 187253
EMILY J. TEWES, CA STATE BAR NO. 318439
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
susan.bishop@berliner.com
emily.tewes@berliner.com

ATTORNEYS FOR DEFENDANTS FIDELITY HOME ENERGY, INC. AND BRADLEY SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY HOME ENERGY, INC., a California corporation; BRADLEY SMITH, an individual; and DOES 1-49,<br><br>Defendants. | CASE NO.  4:19-CV-01231-JSW<br><br>DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   October 25, 2019<br>Time:   9:00 a.m.<br>Ctrm:   5<br>Judge:  Hon. Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 25, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, Defendants Fidelity Home Energy, Inc., a California corporation and Bradley Smith, an individual ("Defendants"), will and hereby do move the Court for an Order dismissing all of Plaintiff-Intervenor Ayesha Faiz's ("Plaintiff-Intervenor") claims against Bradley Smith in the First Amended Complaint in Intervention ("FAC") in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6.) Defendant FHE further moves for the Court for an Order dismissing Plaintiff-Intervenor's fourteenth through eighteenth claims as barred by the applicable statute of limitations.  This motion to dismiss is made on the grounds that the aforementioned Plaintiff-Intervenor's FAC in Intervention and each and every cause of action therein fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

-1-
DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This case may be new in federal court, but it is not new to the parties. The events Plaintiff-Intervenor alleges give rise to her various claims occurred during her employment of less than a month at the end of 2015. Plaintiff-Intervenor first filed a state law claim against her former employer FHE in 2017. Recently that state action was dismissed without prejudice by the court. Plaintiff-Intervenor never named Bradley Smith as a defendant in the state law action, even though at all times Plaintiff-Intervenor knew that he was the CEO. The statute of limitations for Plaintiff-Intervenor's claims has run. Plaintiff-Intervenor cannot now, nearly four years after her employment ended, name a brand-new party years after her claims against him have been barred by the statute of limitations.

The introduction of Bradley Smith as a defendant is not the only statute of limitation issue apparent from the face of the First Amended Complaint in Intervention ("FAC".) Plaintiff-Intervenor alleges five claims that are each barred by their applicable statutes of limitations and she has no facts to support a legal theory of equitable tolling. Ultimately, Plaintiff-Intervenor's 14th through 18ths claims fail to state a claim upon which relief can be granted, pursuant to F.R.C.P. Rule 12(b)(6), because they are each time barred.

II. FACTUAL BACKGROUND

Plaintiff-Intervenor was hired as an employee of Defendant FHE in mid-November 2015 and resigned in a text message on December 7, 2015. (FAC ¶¶ 21, 51.) Plaintiff-Intervenor filed a complaint in Alameda County Superior Court on December 4, 2017 against Defendant FHE alleging various state law claims including unpaid wages and constructive discharge. She did not name Bradley Smith as a defendant. (Request for Judicial Notice "RJN" Exhibit A).

Plaintiff-Intervenor filed her Complaint in Intervention in this action on June 21, 2019. (Court Dk. 26.) Plaintiff-Intervenor then filed a First Amended Complaint in Intervention on August 13, 2019. (Court Dk. 41.) The FAC was the first time that Plaintiff-Intervenor attempted to name Bradley Smith as a Defendant in this action.

-2-

DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

III.     LEGAL STANDARD

Federal Rule of Civil procedure 12(b)(6) provides that a defendant may make a motion to dismiss for "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) is proper when a successful affirmative defense or other bar to relief on the claim is conclusively established on the face of the complaint. "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs. v. Pre Con Indus.*, 720 F.3d 1174, 1178 (2013)(internal citations removed.) A claim may also be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *Coppola v. Smith*, 935 F. Supp. 2d 993, 1005 (2013) (citing *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); and *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The Supreme Court has reiterated that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When the expiration of the applicable statute of limitations to a claim is apparent on the face of the complaint, a defendant may raise the defense in a Rule 12(b)(6) motion. *Jablon v. Dean Witter & Co.*, 614 F. 2d 677, 682 (9th Cir. 1980). In determining whether to grant a motion to dismiss based on statute of limitations, it can be granted "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* at 682. When a court grants a motion to dismiss, "…leave to amend need not be granted where amendment would be futile." *Coppola v. Smith*, 935 F. Supp. 2d 993, 1006 (2013).

IV.     LEGAL ARGUMENT

A.     All of Plaintiff-Intervenor's Claims Against Bradley Smith are Barred by the Statute of Limitations and Thus Plaintiff-Intervenor Has Failed to State a Claim Upon Which Relief Can Be Granted and Dismissal is Required

Plaintiff-Intervenor's new claims against Bradley Smith in her First Amended Complaint in Intervention are barred by the applicable statute of limitations. The two claims Plaintiff-Intervenor now makes against the CEO of her former employer, claims 16 and 18, ran years

-3-

4823-4866-5247v1
ETEWES\24659004

DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   ago and thus she has failed to state a claim upon which relief can be granted and dismissal of these
2   claims against Bradley Smith is appropriate. (FAC ¶¶ 198-207, 216-222.)

3   First, Plaintiff Intervenor's 16th claim for relief of immediate payment of wages and waiting time penalties against Bradley Smith is based on the California Labor Code § 201-203. "A three year statute of limitations applies to claims brought under California Labor Code §§ 201-203." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 914 (2017). The three-year statute of limitations applies here because the actions for liability were created by state statute, the California Labor Code. (See Cal. Civ. Proc. Code § 338(a).) The key date triggering for the statute of limitations here is Plaintiff-Intervenor's resignation date, December 7, 2015, as that is the date that the alleged final wages were due. (FAC ¶ 51.) Thus, the statute of limitations on the 16th claim for relief ran three years later on December 7, 2018 and her attempt to pursue this cause of action against the CEO of her former employer has been barred for nearly a year. (See **Chart A** below.)

Second, the 18th claim the relief for negligent supervision is based on state tort law, where the applicable statute of limitations is two years. (Cal. Civ. Proc. Code § 335.1.) "The statute of limitations for a negligent supervision claim is two years. *See Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 357; Cal. Civ. Proc. § 335.1." *Ford v. Wells Fargo Home Mortg.*, 2008 U.S. Dist. LEXIS 98963, at *12-14 (N.D. Cal. Dec. 1, 2008). Here, the statute of limitations for Plaintiff-Intervenor's negligent supervision claim is also triggered by her December 7, 2015 resignation date and thus expired two years later on December 7, 2017. (See Chart A below.) Plaintiff-Intervenor has made no effort to state the basis for why she should be permitted to bring expired claims against a brand-new Defendant in this action. Thus, Defendants respectfully request that this court dismiss Plaintiff-Intervenor's 16th and 18th claims against Bradley Smith as they are both barred by the applicable statutes of limitation.

**CHART A – Statute of Limitation Analysis for Claims Against Bradley Smith**

| Claim for Relief | Claim | Applicable Statute of Limitations | Date SoL Ran on the Claim |
|---|---|---|---|
| Sixteenth (16th) | Immediate Payment of Wages and Waiting Time Penalties Pursuant to Cal. Lab Code 201-203 | 3-years Cal. Civ. Proc. Code § 338(a) | December 7, 2018 |
| Eighteenth | Negligent Supervision | 2-years | December 7, 2017 |

-4-
DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

| (18th) | | Cal. Civ. Proc. Code § 335.1 | |
|---|---|---|---|

Finally, Plaintiff-Intervenor cannot argue that the statute of limitations equitably tolled as to Bradley Smith because she failed to name him as a defendant in her previous state law action. For equitable tolling to apply the record must show: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-1138 (2001). Here, Plaintiff-Intervenor has at all relevant times known the name and capacity of Bradley Smith evidenced by her inclusion of his name and title in her "Facts Common to All Causes of Action" in her state law complaint. (RJN Ex. A at ¶ 9.) Bradley Smith did not receive timely notice in the state law action because he was not a party to that action. Plaintiff-Intervenor's two-year delay in attempting to bring Bradley Smith into any litigation as an individual defendant is entirely unreasonable. Thus, because Plaintiff-Intervenor's claims against Bradley Smith are barred completely, no leave to amend is appropriate and the claims against him should be dismissed entirely.

    B.    <u>Plaintiff-Intervenor's Claims 14 to 18 are Untimely, and She Has Failed to Plead Facts that Would Warrant an Equitable Tolling for These Non-FEHA and Non-Title VII Claims</u>

All Plaintiff-Intervenor's claims for relief not based on FEHA or Title VII are barred by their applicable statutes of limitation – therefore these claims, claims 14 through 18, fail to state a claim for which relief can be granted and their dismissal is required.

First, Plaintiff-Intervenor's claims 14 and 15 for common law wrongful discharge and demotion are each limited to a two-year statute of limitations. "The two-year statute of limitations set forth in section 335.1 applies to claims for wrongful discharge in violation of public policy. See Cal. Code Civ. Proc. § 335.1 (action for injury to an individual caused by the wrongful act or neglect of another must be brought within two years)…" *Tanner v. Kaiser Found. Health Plan, Inc.*, 2015 U.S. LEXIS 162530 (N.D. Cal. Dec 3, 2015). Further the "statute of limitations on [a] wrongful discharge claim beg[ins] to run on [the] date plaintiff 'stopped working' for defendant[.]" *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1183 fn2 (2002). Here, Plaintiff-Intervenor stopped working

-5-

DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

for Defendant FHE on or about December 7, 2015, thus the applicable two-year statute of limitations for claim 14 ran two years later on December 7, 2017. (See **Chart B** below.) Similarly, the 15th claim for wrongful demotion began to run as of the date of the alleged demotion, December 3, 2015. (FAC ¶45.) Thus, the applicable two-year statute of limitations for claim 15 ran two years later on December 3, 2017.

Next Plaintiff-Intervenor's 17th claim for relief is based on the California Labor Code, section 1102.5. For a claim commenced under Cal. Lab Code 1102.5, "[t]he appropriate limitations period will depend on the nature of the cause of action presented by plaintiff—that is, whether plaintiff brings a claim under § 1102.5 or § 1102.5(f)." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 917 (2017). When a plaintiff alleges a claim under §1102.5 only, seeking only compensatory damages and not civil penalties, then the three-year statute of limitations under 338(a) applies. See *Ayala* at 917. Here, Plaintiff-Intervenor does not allege a claim under 1102.5(f) nor does her prayer for relief include a request for civil penalties. The applicable statute of limitations for the 17th claim is three years as determined by CCP 338(a.) Thus, the statute of limitations for the 17th claim ran on December 7, 2018, three years after Plaintiff-Intervenor's resignation, and her attempt to pursue a claim that has been barred for nearly a year is improper. (See **Chart B** below.)

Finally, the statutes of limitation for Plaintiff-Intervenor's remaining non-FEHA and non-Title VII claims, 16 and 18, are addressed in-depth earlier in this motion in relation to Defendant Smith and the same analysis applies here. The statutes of limitation analysis for these remaining claims are summarized below in Chart B for reference.

**CHART B – Statute of Limitation Analysis for Non-FEHA and Non-Title VII Claims**

| Claim for Relief | Claim | Applicable Statute of Limitations | Date SoL Ran on the Claim | Tolled by EEOC Investigation? |
|---|---|---|---|---|
| Fourteenth (14th) | Wrongful Constructive Discharge in Violation of California Public Policy | 2-year Cal. Civ. Proc. Code § 335.1 | December 7, 2017 | No |
| Fifteenth (15th) | Wrongful Demotion in Violation of California Public Policy | 2-year Cal. Civ. Proc. Code § 335.1 | December 3, 2017 | No |
| Sixteenth (16th) | Immediate Payment of Wages and Waiting Time Penalties | 3-years Cal. Civ. Proc. Code § 338(a) | December 7, 2018 | No |

-6-

DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

| | | | | |
|---|---|---|---|---|
| | Pursuant to Cal. Lab Code 201-203 | | | |
| Seventeenth (17th) | Retaliation in Violation of Lab. Code 1102.5 | 3-years Cal. Civ. Proc. Code § 338(a) | December 7, 2018 | No |
| Eighteenth (18th) | Negligent Supervision | 2-years Cal. Civ. Proc. Code § 335.1 | December 7, 2017 | No |

Anticipating Plaintiff-Intervenor's counter argument, the FAC fails to allege facts to support an equitable tolling argument. The FAC alleges that "the statute of limitations for her FEHA claims would be tolled during the pendency of the EEOC's investigation" and that the EEOC ultimately issued a Notice of Right to Sue on March 7, 2019 in relation to her Title VII claims. (FAC ¶¶ 54-55.) These facts, if true, provide a basis only for Plaintiff-Intervenor's delay as to her claims made under FEHA and Title VII. Notably, Plaintiff-Intervenor's FAC is silent as to any facts that would support an argument that her untimely non-FEHA and non-Title VII claims can be heard in this court. On their face these claims are all clearly barred by their applicable statutes of limitation and Plaintiff-Intervenor cannot allege facts to warrant an equitable tolling argument as to these claims. From the FAC, Plaintiff-Intervenor cannot successfully invoke a tolling doctrine argument and thus dismissal as to timeliness is warranted.

EEOC investigations do not automatically toll the statutes of limitations for state law tort claims, including claims for intentional infliction of emotional distress, when there is no administrative mechanism to resolve those claims. See *EEOC v. Thompson*, 2003 U.S. Dist. LEXIS 25527, *9-10. As such, dismissal on a 12(b)(6) motion is warranted on the pleadings where some fact apparent from the face of the complaint demonstrates that equitable tolling does not apply to an otherwise time barred claim. Even when the state law tort claim arose out of the same incidents and behavior that form the basis of the EEOC action, the Court recognizes that the wrong underlying the claims are separate and distinct such that an investigation by the EEOC will not toll the statute of limitations. See *EEOC v. Thompson* at *9-10. Similarly here, Plaintiff-Intervenor's non-Title VII and non-FEHA claims are not tolled by statute, and thus she was required to allege facts sufficient to show some cognizable legal theory by which she could bring these expired state law claims. For example, Plaintiff-Intervenor's claim for immediate payment of wages is entirely unrelated to an

-7-

DEFENDANT'S MOTION TO DISMISS TO PLAINTIFF-INTERVENOR'S FIRST AMENDED COMPLAINT IN INTERVENTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

4823-4866-5247v1
ETEWES\24659004

EEOC investigation into an allegedly unlawful practice of denying service to persons of perceived ethnicity. Without more, Plaintiff-Intervenor has failed to allege facts to support a legal theory of equitable tolling to save these time barred claims.

Defendants request this court to dismiss Plaintiff-Intervenor's claims 14 through 18 because equitable tolling as to these claims is not automatic, and Plaintiff-Intervenor has failed to plead facts that would permit such an extraordinary measure to her untimely claims. Even if granted leave to amend Plaintiff-Intervenor cannot turn back the hands of time; her non-FEHA and non-Title VII claims are time-barred and thus appropriate for dismissal.

## V. CONCLUSION

Plaintiff-Intervenor's First Amended Complaint in Intervention contains five claims that are each time barred by their applicable statutes of limitation. No leave to amend can remedy her failure to timely assert these claims. Certainly Plaintiff-Intervenor's claims against a brand-new defendant, Bradley Smith, have no relation to her previous actions and those claims against the CEO must be dismissed entirely. As to Plaintiff-Intervenor's remaining non-FEHA and non-Title VII claims, those too are barred by the statutes of limitation. Equitable tolling as to these non-FEHA/non-Title VII claims is not automatic, and Plaintiff-Intervenor has failed to allege any facts to support such a legal theory.

DATED: AUGUST 27, 2019        BERLINER COHEN, LLP

BY: /s / Susan E. Bishop
SUSAN E. BISHOP
ATTORNEYS FOR DEFENDANTS FIDELITY HOME ENERGY, INC. AND BRADLEY SMITH