
ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
AMI SANGHVI, SBN 4407672 (NY)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (415) 522-3262
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br>and<br><br>AYESHA FAIZ,<br><br>　　　　　Plaintiff-Intervenor,<br><br>　　vs.<br><br>FIDELITY HOME ENERGY, INC., NORCAL HOME SYSTEMS, INC., and Bradley Smith, an Individual.<br><br>　　　　　Defendants. | Case No.: 4:19-cv-01231-JSW<br><br>**FIRST AMENDED COMPLAINT**<br><br>CIVIL RIGHTS – EMPLOYMENT DISCRIMINATION<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Charging Party Ayesha Faiz who was adversely affected by such practices.  As alleged below, Fidelity Home

Energy, Inc. (Fidelity) subjected Ms. Faiz to a hostile work environment based on her Afghan national origin and constructively terminated her employment.

Plaintiff EEOC also brings this action against Defendant NorCal Home Systems, Inc. (NorCal), which became the successor entity to Fidelity on or around September 5, 2019. Plaintiff EEOC adds NorCal to this lawsuit pursuant to Fed.R.Civ.P. 19(a)(1)(A), Fed.R.Civ.P. 15 and Fed.R.Civ.P. 65(d) in order to secure appropriate monetary and injunctive relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Venue is proper in the United States District Court for the Northern District of California because the alleged unlawful employment practices were committed within the City of San Leandro and the County of Alameda.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Oakland Division of this Court because the unlawful employment practices alleged were committed in Alameda County, which is within the jurisdiction of the Oakland Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (EEOC), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times until at least September 5, 2019, Defendant, Fidelity Home Energy, Inc. (Fidelity) was continuously a California corporation doing business selling and installing solar panels and other energy efficient products in the State of California and the City of San Leandro, and continuously had at least 15 employees.

6. At all relevant times until September 5, 2019, Defendant Fidelity was continuously an

employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

7. Upon information and belief, since at least September 5, 2019, Defendant, NorCal Home Systems, Inc. (NorCal) has continuously been a California corporation doing business selling and installing solar panels and other energy efficient products in the State of California and the cities of San Leandro and Concord in Alameda County and/or Contra Costa County, respectively, and has continuously had at least 15 employees.

8. Since at least September 5, 2019, NorCal has continuously been an employer engaged in an industry affecting commerce, within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. On September 26, 2019, Fidelity filed a Certificate of Dissolution with the California Secretary of State.

10. NorCal was incorporated by former CEO of Fidelity, Bradley Smith, who became the CEO for NorCal.

11. Upon information and belief, as of September 5, 2019, NorCal had acquired all of Fidelity's goodwill, property and assets, including customer lists, customer files and business records related to Fidelity's former business operations.

12. Upon information and belief, as of September 5, 2019, NorCal had acquired all of Fidelity's ownership of and legal interests in all transferable permits, authorizations and licenses related to Fidelity's former business operations.

13. Upon information and belief, since at least September 5, 2019, NorCal has employed substantially the same employees as did Fidelity prior to September 5, 2019.

14. Up until mid-late September 2019, NorCal operated out of the same San Leandro business address and facility as had Fidelity.

15. NorCal's website contains substantially the same information as did Fidelity's.

16. Since at least September 5, 2019, NorCal has sold and installed substantially the same solar panels and energy efficient products as Fidelity.

17.     At the time it acquired Fidelity's assets, property and personnel, NorCal had actual notice of this lawsuit and/or the underlying Charge of Discrimination filed with the EEOC.

18.     Since at least September 5, 2019, Fidelity has been unable to provide certain relief in this lawsuit, including injunctive relief, monetary relief and other relief that would involve the facilities, personnel and properties located at 2235 Polvorosa Ave., Ste. 230, San Leandro, CA 94577 and at 4085 Nelson Ave, Concord, CA 94520.

19.     NorCal is liable in this matter under the principles of successor liability.

## ADMINISTRATIVE PROCEDURES

20.     More than 30 days before the filing of this lawsuit, Ayesha Faiz filed a timely charge with the EEOC alleging that Fidelity violated Title VII.

21.     On August 20, 2018, the EEOC issued to Fidelity a Determination for Ayesha Faiz's charge finding reasonable cause to believe, *inter alia*, that Fidelity violated Title VII by subjecting Ms. Faiz to harassment and constructive discharge based on her national origin. The EEOC invited Fidelity to join in informal conciliation methods in a collective effort toward a just resolution of Ms. Faiz's charge.

22.     On August 28, 2018, the EEOC sent Fidelity a conciliation proposal outlining the terms required for resolution of the charge and claims described in the Determination referenced in paragraph 21, above.

23.     The Commission engaged in communications with Fidelity to provide Fidelity the opportunity to remedy the discriminatory practices described in the Determination referenced in paragraph 21, above.

24.     The EEOC was unable to secure from Fidelity a conciliation agreement acceptable to the EEOC.

25.     By letter dated September 7, 2018, the EEOC notified Fidelity that the EEOC had determined that further conciliation efforts would be futile or non-productive. The letter also informed Fidelity that the EEOC would not make any further efforts to conciliate Ms. Faiz's charge.

26. All conditions precedent to the initation of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

**First Claim – Hostile Work Environment**

27. Since at least November 12, 2015, Fidelity engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices, which continued on a regular basis, included subjecting Ms. Faiz to an offensive, abusive and hostile work environment on the basis of her national origin.

28. Fidelity Home Energy, Inc. sold solar panels and other energy efficient products. Fidelity's Owner, President and CEO was Bradley Smith.

29. Ayesha Faiz is a Middle Eastern woman of Afghan descent.

30. Ms. Faiz commenced her employment with Fidelity on or around November 12, 2015. Fidelity hired Ms. Faiz to work as a Representative Services Supervisor in Fidelity's Representative Services Department in San Leandro, California. Employees in the Representative Services Department contacted eligible customers known as "leads." Ms. Faiz's duties consisted primarily of supervising the confirmation of appointments for Fidelity's sales staff to visit leads' homes.

31. Within the first week of her employment, Ms. Faiz was advised of and personally observed Fidelity's adherence to a discriminatory practice of denying service to leads who Fidelity's employees perceived to be of Middle Eastern or Indian descent. Ms. Faiz understood, upon information and belief, that Fidelity's CEO, Bradley Smith, imposed the practice.

32. Fidelity's Representative Services Supervisor (RSS), Leata Tufano, informed Ms. Faiz about the discriminatory policy during her initial training. Ms. Tufano instructed Ms. Faiz to try to discern by last name whether a lead was of Middle Eastern or Indian descent and directed her to tell callers perceived to be Middle Eastern or Indian that Fidelity did not have any available appointments, even when this was not true. Fidelity's RSS also charged Ms. Faiz to tell these callers that Fidelity would send them information about its services even though Fidelity had no intention of mailing the information to them.

33. Ms. Tufano also demonstrated for Ms. Faiz how to use Google to screen caller names

if she was uncertain whether the lead was Middle Eastern or Indian. She showed Ms. Faiz how to search the lead's name and view images of people with the same last name as a method to try to discern the individual's national origin. When Ms. Tufano concluded that the individual was likely Middle Eastern or Indian, she cancelled their appointment.

34. Ms. Faiz learned that Fidelity used its internal database to track leads based on their ethnicity. Fidelity used an "Ethnicity" field to place leads on an internal Do Not Call list when their names appeared to be Indian or Middle Eastern. Ms. Faiz also observed that Fidelity's employees annotated database records for individuals who appeared to be Indian or Middle Eastern with comments such as "Not Qualified" or "We Won't Run This" or "Indian Name!" Ms. Faiz also saw a post-it note on an employee's computer that said, "No Indians."

35. Fidelity instructed Ms. Faiz to insert comments, such as "NQ" or "Not Qualified" in database notes for leads that she knew the company did not want to pursue because they were likely Middle Eastern or Indian. Fidelity also required Ms. Faiz to instruct subordinate telemarketers to adhere to the discriminatory practice.

36. Ms. Faiz followed Fidelity's instructions and rejected leads of perceived Middle Eastern or Indian descent, although she found the practice offensive. She was compelled to adhere to the discriminatory policy almost daily.

37. Fidelity's practice of discriminating against Middle Eastern and Indian potential customers caused Ms. Faiz considerable distress and anxiety, particularly since many of the people targeted by the policy had last names shared by members of her own family and community.

38. Throughout her tenure, Ms. Faiz raised her concerns about and objections to the discriminatory practice to multiple supervisors. Nevertheless, the practice persisted causing a discriminatorily hostile work environment for Ms. Faiz.

39. The effect of the practices described in paragraphs 27 through 38 above has been to deprive Ms. Faiz of equal employment opportunities and otherwise adversely affect her status as an employee, because of her national origin, Afghan and Middle Eastern.

40. The unlawful employment practices described in paragraphs 27 through 38 above were

intentional.

41. The unlawful employment practices complained of in paragraphs 27 through 38 above were done with malice or with reckless indifference to the federally protected rights of Ms. Faiz.

**Second Claim – Constructive Discharge**

42. The EEOC hereby incorporates the allegations of paragraphs 1 through 41 above as though fully set forth herein.

43. Since the beginning of November 2015, and thereafter, Ms. Faiz endured a workplace rife with discrimination directed toward Middle Eastern and Indian people. Almost daily, she was required to adhere to a discriminatory practice that excluded customers of Middle Eastern and Indian descent. She questioned multiple supervisors about the policy and complained about it. Her complaints were futile. Fidelity continued to discriminate against Middle Eastern and Indian potential customers.

44. Unable to continue working under discriminatory conditions, Ms. Faiz sent a text to Fidelity on December 7, 2015 writing, in relevant part: "I've been really uncomfortable working [here] knowing the company refuses to service middle easterners or Indians. . . It makes me sick to know that we refuse to service a particular ethnicity of people. We literally go out of our way to single them out."

45. The acts of Fidelity described in paragraphs 42 through 44 above and the First Claim for Relief made Ms. Faiz's working conditions so intolerable that a reasonable person would have felt compelled to resign. Ms. Faiz felt compelled to resign and was constructively discharged on December 7, 2015.

46. The effect of the actions described in paragraphs 42 through 44 above has been to deprive Ms. Faiz of equal employment opportunities and otherwise adversely affect her status as an employee.

47. The unlawful employment practices complained of in paragraphs 42 through 44 above were intentional.

48. The unlawful employment practices described in paragraphs 42 through 44 above were

done with malice or with reckless indifference to the federally protected rights of Ms. Faiz.

**PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

49. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with them, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of national origin, and/or engaging in any other employment practice that discriminates on the basis of national origin.

50. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for workers of Afghan, Middle Eastern or Indian descent, and which eradicate the effects of their past and present unlawful employment practices.

51. Order Defendants to make whole Ms. Faiz, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement of Ms. Faiz.

52. Order Defendants to make whole Ms. Faiz by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

53. Order Defendants to make whole Ms. Faiz by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

54. Order Defendants to pay Ms. Faiz punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

55. Grant such further relief as the Court deems necessary and proper in the public interest.

56. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its First Amended Complaint.

SHARON FAST GUSTAFSON
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC  20507

Dated: December 20, 2019      */s/ Roberta L. Steele*
ROBERTA L. STEELE
Regional Attorney

Dated: December 20, 2019      */s/ Marcia L. Mitchell*
MARCIA L. MITCHELL
Supervisory Trial Attorney

Dated: December 20, 2019      */s/ James H. Baker*
JAMES H. BAKER
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office