ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER, SBN 291836 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Avenue, 5th Fl. West
P.O. BOX 36025
San Francisco, CA 94102
Telephone No. (415) 522-3262
Email: James.Baker@eeoc.gov

*Attorneys for Plaintiff U.S. Equal Opportunity Employment Commission*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> AYESHA FAIZ, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> FIDELITY HOME ENERGY, INC., NORCAL HOME SYSTEMS, INC., and BRADLEY SMITH, an Individual <br><br> Defendants. | Case No.: 4:19-cv-01231-JSW <br><br><br> **[PROPOSED] CONSENT DECREE** |

## I.    **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC or Commission) brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) to correct alleged unlawful employment practices on the basis of national origin (Afghan), and to provide appropriate relief to Charging Party Ayesha Faiz. The EEOC alleged that Defendant Fidelity Home Energy, Inc. (Fidelity), engaged in unlawful discrimination by subjecting Ms. Faiz to

1   a hostile work environment on the basis of her national origin and constructively discharging her in

2   violation of Title VII. The EEOC alleges that Defendant NorCal Home Systems, Inc. (NorCal), is the

3   successor to Fidelity. Fidelity filed a Certificate of Dissolution on September 29, 2019. The EEOC

4   alleges that NorCal continued the business operations of Fidelity without disruption with NorCal

5   retaining the majority of Fidelity's employees, customers, databases, and assets.  The EEOC filed an

6   Amended Complaint on December 20, 2019 to join NorCal based on successor liability.  Fidelity and

7   NorCal deny that NorCal is a successor entity, that they are liable for any of the claims contained in

8   the First Amended Complaint, or that they have violated Title VII. All parties agree that Faiz was

9   never employed by NorCal.

10          In the interest of resolving this matter the EEOC, and Defendants Fidelity Home Energy, Inc.

11   and NorCal Home Systems, Inc. (Defendants), (collectively, Parties) have agreed that this lawsuit

12   should be finally resolved by entry of this Consent Decree and without further contested litigation,

13   costs and expenses.

14          The Court has reviewed this Consent Decree considering the pleadings, the record herein,

15   and the applicable law, and now approves this Consent Decree.

16   **II.      PURPOSES AND SCOPE OF THE CONSENT DECREE**

17          **A.**      This Consent Decree (Decree) shall be binding on and enforceable against

18   Defendants, their management (including all officers, managerial and supervisory employees),

19   agents, successors and assigns.

20          **B.**      The Parties have entered into this Decree in order to:

21                **1.**      Provide appropriate monetary and injunctive relief;

22                **2.**      Ensure that NorCal's employment practices comply with Title VII;

23                **3.**      Ensure a work environment at NorCal free from discrimination, harassment

24                      and retaliation;

25                **4.**      Ensure training for NorCal's employees, including officers, managers,

26                      supervisors, and human resources employees with respect to their obligations

27                      and rights under Title VII;

28

     **5.**     Ensure that NorCal's policies and procedures shall be conducted in a manner that does not discriminate against individuals on the basis of their national origin.

**C.**     This Decree is intended to resolve disputed claims.

## III.   SCOPE OF RESOLUTION

**A.**     This Decree completely and finally resolves all claims made by the EEOC in its First Amended Complaint filed in the United States District Court, Northern District of California on December 20, 2019, in the action captioned *U.S. Equal Employment Opportunity Commission et al., vs. Fidelity Home Energy, Inc., et al.*; Case No. 4:19-cv-01231-JSW (hereafter Action).

**B.**     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to comply with the applicable terms of the Decree.

**C.**     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

**D.**     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later arise against Defendants, in accordance with standard EEOC procedures.

## IV.   JURISDICTION

**A.**     The Court has jurisdiction over the Parties and the subject matter of this Action. The Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

**B.**     The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

**V.    EFFECTIVE DATE AND DURATION OF DECREE**

    **A.**    The provisions and agreements contained herein are effective immediately on the date that this Decree is entered by the Court (Effective Date).

    **B.**    The Decree shall remain in effect for three (3) years after the Effective Date and will expire on its own terms.

**VI.    MONETARY RELIEF**

    **A.**    In settlement of all claims that were made in the First Amended Complaint in this Action, Defendants shall pay the following amounts (collectively referred to as Settlement Sum), payable in separate checks within fifteen (15) business days of the Effective Date:

        **1.**    Eleven Thousand Dollars ($11,000), as wages subject to standard withholdings (Wage Sum);

        **2.**    One Hundred Ninety Thousand Eighty-Six Dollars and Twenty-Eight Cents ($190,086.28) in compensatory damages, including for emotional distress (Compensatory Sum); and

        **3.**    One Hundred Forty-Eight Thousand Nine Hundred and Thirteen Dollars and Seventy-Two Cents ($148,913.72) in attorney's fees (Attorney's Fees Sum).

    **B.**    The Wage Sum shall be reported on an IRS Form W-2.  No tax withholdings shall be made on the remaining amounts distributed under the terms of this Decree. Defendants shall issue an IRS Form 1099 – Misc. to Ayesha Faiz designating the amount of these checks under box 3, "Other Income," and shall make such reports as necessary and appropriate under state and federal tax laws.

    **C.**    Defendants shall send the Wage Sum, including an accounting of any payroll withholdings or other deductions, and the Compensatory Sum in two checks each made payable to Ayesha Faiz at an address provided by the EEOC. The EEOC shall provide the address to Defendants no later than ten (10) days after the Effective Date. Defendants will provide a copy of the checks including an accounting of any payroll withholdings or other deductions, to EEOC counsel of record, at EEOC-SFDO_COMPLIANCE@eeoc.gov on the same day that it mails the checks to Ms. Faiz.

    **D.**    Defendants shall send the Attorney's fees Sum in a check made payable to Legal Aid

at Work for attorneys' fees and costs, and reported on an IRS Form 1099-MISC with payment reported under box 14, "Gross Proceeds Paid to an Attorney." 180 Montgomery Street, Suite 600, San Francisco, CA 94104, attention Marisa Díaz;

     **E.**     Defendants will not condition the receipt of monetary relief on Ms. Faiz's agreement to: (a) maintain as confidential the facts and/or allegations underlying her charge and the Amended Complaint and the terms of this Consent Decree; (b) waive her statutory right to file a charge with any government agency; or (c) not reapply for employment.

## VII.   **GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION**

     **A.**     Upon entry of this Decree, Defendants and their officers, agents, employees, and successors and assigns are enjoined from engaging in any of the following unlawful conduct: (a) discriminating against or subjecting any employee to a hostile work environment based on national origin; and (b) requiring or permitting any employee to reject or screen out a customer or potential customer on the basis of their race, color, religion, sex or national origin or perceived race, color, religion, sex or national origin.

     **B.**     During the duration of the Decree, NorCal will provide prior written notice to any potential purchaser of NorCal's businesses, or a purchaser or transferee of all or a portion of NorCal's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the Amended Complaint, and the existence and contents of this Consent Decree.

## VIII.   **SPECIFIC INJUNCTIVE RELIEF**

     **A.**     **Equal Employment Opportunity Consultant**

     **1.**     Within one hundred (100) days after the Effective Date, NorCal shall retain an Equal Employment Opportunity Consultant and/or human resources professional ("Consultant") to monitor NorCal's compliance with Title VII and this Decree. The Consultant shall have demonstrated experience in the area of employment discrimination and hostile work environment issues. For the duration of the Decree, the Consultant's responsibilities shall include:

     **(a)**     Assisting NorCal in establishing policies and procedures regarding discrimination, hostile work environment, and retaliation, as well as complaint procedures related to

1   discrimination, hostile work environment, and retaliation to ensure that Defendants fully comply

2   with Title VII and all requirements set forth in this Decree;

3        **(b)**     Ensuring that all NorCal officers and employees, including

4   officers, managers, supervisory, and human resources employees, are trained on their rights and

5   responsibilities under Title VII and this Decree, including the responsibility to provide a workplace

6   free of a hostile work environment, discrimination and retaliation;

7        **(c)**     Investigating, monitoring and tracking all investigations of NorCal

8   employee complaints of hostile work environment, discrimination or retaliation and their resolutions

9   to ensure compliance with Title VII and this Decree;

10       **(d)**     Ensuring that NorCal's internal customer and/or lead databases have

11  no capability of referencing, flagging, filtering or otherwise screening entries based on their race,

12  ethnicity or national origin, and are not used for this purpose; and

13       **(e)**     Ensuring that NorCal accurately compiles with all deadlines and

14  timely submits all reports required by this Decree.

15       **2.**     If Defendants engage multiple Consultants, Defendants shall designate one

16  Consultant as the Primary Consultant. The Primary Consultant shall be responsible for overseeing

17  the work of the other Consultant and ensuring that the terms of the Decree have been satisfied.

18       **3.**     Within sixty days (60)  days after the Effective Date, NorCal shall identify its

19  proposed Consultant(s) and submit the Consultant(s)'s name and resume or C.V. to the EEOC. The

20  EEOC will raise any objections to the proposed Consultant(s) within fifteen (15) days of

21  identification.

22       **B.**     **Positive Job Reference**

23       **1.**     Fidelity will provide Ayesha Faiz a positive letter of reference identifying her

24  dates of employment, positions held, and that Ms. Faiz voluntarily resigned and is eligible for rehire.

25  In response to any job verification or job reference request, Defendants shall not disclose any

26  information about, or refer to, Ms. Faiz's charge of discrimination or internal complaints of

27  harassment or discrimination, or this lawsuit.

28

**C.      Customer Management Database**

  **1.**  Within fifteen (15) days of the Effective Date, NorCal shall:

    **(a)**  Review and, if necessary, modify its customer and/or lead management databases to remove any capability of referencing, flagging, filtering or otherwise screening entries based on their race, ethnicity or national origin.

  **2.**  Within thirty (30) days of the Effective Date, NorCal shall:

    **(a)**  Develop a data dictionary for its consumer or lead databases that defines any and all available fields in the database and describe their intended uses.

**D.      Policy and Procedure Concerning Discrimination, Harassment, Retaliation**

  **1.**  Within ninety (90) days of the Effective Date, Defendants shall establish policies and internal procedures for receiving and investigating complaints of discrimination, hostile work environment, and retaliation.

  **2.**  The policies shall include:

    **(a)**  a clear explanation of prohibited conduct under Title VII, including national origin-based discrimination and hostile work environment and examples;

    **(b)**  an explanation that prohibited conduct may include disparaging remarks or discrimination aimed at or based on the race, color, religion, sex and national origin of a current or potential customer;

    **(c)**  a requirement that officers, supervisors and managers are required to actively monitor employees' compliance with the company's anti-discrimination or anti-hostile work environment policies, and to report any incidents and/or complaints of discrimination, hostile work environment and/or retaliation that they observe, or of which they become aware;

    **(d)**  an internal complaint procedure; and

    **(e)**  a clear explanation that NorCal shall hold all employees, including officers, management, supervisory, and human resources employees, accountable for engaging in conduct prohibited under Title VII and/or failing to take appropriate proportional action sufficient to address discrimination, hostile work environment or retaliation.

  **3.**  The internal complaint procedure shall, at a minimum, clearly state that:

(a)      an employee who believes that he or she has suffered discrimination, a hostile work environment or retaliation may initiate an internal complaint using the internal complaint procedure, or may file an external complaint to any appropriate person or agency, or both;

(b)      employees may initiate an internal complaint verbally or in writing to any appropriate person, and that no special form is required;

(c)      NorCal will take every reasonable step to promptly resolve any complaints;

(d)      Within five (5) days of a complaint, NorCal will promptly commence a investigation that shall be conducted by a person who is not connected with the complaint, and NorCal will complete its investigation within fifteen (15) days of the complaint.

(e)      NorCal will communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken within five (5) days of completing its investigation;

(f)      NorCal shall not tolerate retaliation against any employee for complaining, assisting, or participating in the internal complaint procedure or any external complaint procedure;

(g)      NorCal will memorialize verbal complaints, and maintain written records of all investigatory steps, including interview notes, findings or conclusions of the investigation and any remedial actions taken;

(h)      the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law; and

(1)      if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate and proportionate discipline, up to and including discharge.

4.      Within ninety (90) days of the Effective Date, NorCal shall provide the EEOC with a copy of the policies and procedures described in this Section, including the revised internal

complaint procedures. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures. No later than one hundred fifty (150) days after the Effective Date, NorCal shall disseminate the policies and procedures described in this Section to its employees, including management, supervisory, and human resources employees.

**5.** NorCal shall submit to the EEOC, for its review and consideration no later than thirty (30) days before adoption, any proposed material modifications to the policies referenced in this Section. The EEOC will notify NorCal within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications. EEOC agrees to review the proposed modifications in good faith.

**6.** For purposes of this Section, "material modifications" shall refer to any modifications to the substantive provisions referenced in Paragraphs VIII(D)(2) and VIII(D)(3), above.

**E.   Training**

**1.** All non-supervisory employees shall be required to attend a live training program annually during the duration of this Decree. The program shall be at least one (1) hour hours in length and shall include:

**(a)** instruction on equal employment opportunity rights and responsibilities, including, but not limited to, Title VII's prohibitions against national-origin based discrimination, hostile work environment or retaliation, and NorCal's policies and procedures for reporting and handling complaints of discrimination, hostile work environment or retaliation;

**(b)** a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, or hostile work environment;

**(i)** such training shall specifically educate employees that impermissible behavior includes rejecting or screening out a customer or potential customer on the basis of their actual or perceived race, color, religion, sex or national origin;

1    **(c)** a component of "bystander intervention training", i.e. instruction that
2    will emphasize that a co-worker who observes harassment, or hostile work environment or
3    discrimination should report it to management; and

4    **(d)** NorCal shall ensure that the training is developed and administered by
5    instructors with expertise in anti-harassment and anti-discrimination matters. The initial training of
6    non-supervisory employees shall be concluded within one hundred fifty (150) days of the Effective
7    Date.

8    **2.** All supervisory employees, including managers and officers shall be required
9    to attend a live harassment training program annually during the duration of this Decree. The
10   program will be at least three (3) hours in length and, in addition to the topics listed in Section
11   VIII(E)(1) above, shall include training on recognizing discrimination and a hostile work
12   environment; taking preventative and corrective measures against discrimination and a hostile work
13   environment; the responsibilities of managers under equal employment opportunity laws; properly
14   handling and investigating complaints of discrimination and/or hostile work environment in a neutral
15   manner, and how to prevent retaliation. The initial training of supervisory employees must be
16   concluded within one hundred and fifty (150) days of the Effective Date and must be video-
17   recorded.

18   **3.** Thereafter, during the duration of the Decree, all employees newly-hired or
19   promoted from a non-supervisory to a managerial or supervisory position shall receive the
20   harassment training described in Section VIII(E)(1)-(2) within sixty (60) days of hire or promotion.
21   If no live training is scheduled to occur within sixty (60) days of the hire or promotion, the employee
22   may satisfy the training requirement by watching a video recording of the prior live training.
23   Employees required to watch the video recording shall be provided an opportunity to submit
24   questions to, and to receive answers from, a human resources person familiar with the materials
25   covered during the live training.

26   **4.** NorCal shall provide copies of all policies referenced in Section VIII(E) to
27   new employees within thirty (30) days of hire.

28

1    **5.**  NorCal shall track in writing or electronically all employees required to

2 attend, and who do attend a training program described in Section VIII(E).

3    **6.**  Within (60) days  after the Effective Date, NorCal shall identify all proposed

4 trainers for the training to be provided pursuant to Sections VIII(E)(1) through VIII(C)(2) of this

5 Decree. The EEOC will raise any objections to the proposed trainers within fifteen (15) days of

6 identification.

7    **7.**  Within ninety (90)  days after the Effective Date, NorCal shall submit to the

8 EEOC a description of all training to be provided pursuant to Section VIII(E)(1) through VIII(E)(2)

9 of this Decree and an outline of the curriculum developed for the trainees. EEOC may provide

10 comment within fifteen (15) days regarding any proposed revisions to the trainings.

11    **8.**  For all subsequent training sessions, NorCal shall provide the EEOC with

12 copies of all training materials (if materially changed in any way) no later than thirty (30) days prior

13 to use. The EEOC will advise NorCal of any objections or comments to proposed training materials

14 within fifteen (15) days.

15    **9.**  For purposes of this Section, "materially" shall refer to any modifications that

16 change the substantive provisions referenced in Paragraphs VIII(E)(1) through VIII(E)(2) of this

17 Section.

18 **IX.**  **NOTICE**

19    Within thirty (30) days after the Effective Date, NorCal shall post for the duration of this

20 Decree, in a prominent place frequented by employees all of NorCal's facilities, the notice attached

21 as Exhibit A. The notice shall be the same type, style, and size as Exhibit A.  The notice shall be

22 replaced if it is removed or becomes defaced.  NorCal shall certify to the EEOC in writing that the

23 Notice has been posted and the location of the posting within ten (10) days of posting.

24 **X.**  **REPORTING**

25    **A.**  In addition to the notice and reporting requirements above, NorCal shall provide the

26 following reports to the EEOC by e-mail to EEOC-SFDO_COMPLIANCE@eeoc.gov:

27

28

1   **1.**  Within two hundred days (200) days after the Effective Date, NorCal shall

2 submit to EEOC an initial report containing the following information regarding NorCal's actions

3 under this Decree:

4     **(a)**  A copy of  the positive letter of reference for Ms. Faiz, as described in

5 Section VIII(B)(1)

6     **(b)**  A copy of its discrimination, hostile work environment and retaliation

7 policies required under the terms of this Decree, including the internal complaint and investigation

8 procedures;

9     **(c)**  A description of any changes or modifications to any of NorCal's

10 customer or lead management databases as described in Section VIII(C), including the dates and

11 purpose of the modification and the names and most recent contact information of anyone who

12 modified the database;

13     **(d)**  A copy of the data dictionary specified in Section VIII(C); and

14     **(e)**  A statement confirming all training required under this Decree has

15 been initiated and/or completed.

16   **2.**  NorCal shall also provide semi-annual reports throughout the term of this

17 Decree containing the following information regarding NorCal's actions under this Decree. The first

18 report shall be submitted within one hundred eighty (180) days of the Effective Date; subsequent

19 reports shall be submitted every one hundred eighty (180) days throughout the duration of the

20 Decree.

21     **(a)**  Complete attendance lists for all training sessions required under this

22 Decree that took place during the previous six months;

23       **(i)**  The list shall include for each individual, their hire date, job

24 title, supervisory status, and the date of their attendance at the training.

25     **(b)**  A report detailing any national origin-based harassment or hostile

26 work environment complaints made to, investigated by, or resolved by NorCal in the previous six

27 months.  This report shall include, at a minimum: (i) the names and contact information of the

28 complainants and witnesses; (ii) the nature of the complaint; (iii) the names of the alleged

perpetrators of national origin-based discrimination or hostile work environment; (iv) the dates of the alleged national origin-based discrimination or hostile work environment; (v) a brief summary of how each complaint was resolved; and (vi) the identity of each NorCal's employee(s) who investigated or resolved each complaint.

**(c)** A description of any changes or modifications to any of its customer or lead management databases, including the dates and purpose of the modification and the names and most recent contact information of anyone who modified the database;

**(d)** A signed certification that NorCal has satisfied the posting requirements of Section IX for the preceding one hundred eighty (180) days, and that the posting has not been defaced, or if it had been defaced, that it has since been corrected;

**(e)** A description of any purchase or transfer of all or a portion of NorCal's assets, including a description of the purchaser or transferee and the date(s) of any transfer or purchase.

**3.** NorCal shall provide the information mandated in Section X(A)(1) and Section X(A(2)(a)-(c) in one of the following searchable formats:  Excel, Access, or ASCII delimited ("csv").  Regardless of the format, the first row shall consist of the field (or variable) names.  There must be one column for each field (variable) requested.  First and last names must be provided as separate fields (variables).

## XI. MODIFICATION AND SEVERABILITY

**A.** This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party, and approved by the Court.

**B.** If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

**XII.    DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION**

1.    This Court shall retain jurisdiction over this action during the duration of this Consent Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

2.    This Consent Decree shall expire three (3) years after its entry by the Court, provided that Defendants have complied with the terms of this Decree.  Defendants will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Consent Decree that Defendants have failed to comply with any term of this Decree. If the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendants, in writing, of the nature of the alleged breach of the Decree. Defendants shall have sixty (60) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged material breach. The sixty-day period following written notice shall be used by the parties in good faith to resolve the issue. If, after sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. If the EEOC petitions the Court and the Court finds Defendants to be in substantial violation of the terms of the Decree, the Court may extend the duration of the Consent Decree.

**XIII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE**

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

**XIV.   COSTS AND ATTORNEYS' FEES**

Each Party shall bear its own costs of suit and attorneys' fees.

**XV.    COUNTERPARTS AND FACSIMILE SIGNATURES**

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

1    All parties, through the undersigned, respectfully apply for and consent to the entry of this

2  Decree as an Order of this Court.

3                                              Sharon Fast Gustafson
                                               General Counsel

4                                              James Lee
5                                              Deputy General Counsel

6                                              Gwendolyn Young Reams
                                               Associate General Counsel
7

8  Dated:                                        /s/  *Roberta L. Steele*
9                                              Roberta L. Steele
                                               Regional Attorney
10
                                               Marcia L. Mitchell
11                                             Supervisory Attorney

12                                             James H. Baker
                                               Trial Attorney
13
                                               Attorneys for Plaintiff EEOC
14

15                                               /s/ *Susan Bishop*

16                                             Attorney for Defendants Fidelity Energy Home,
                                               Inc. and NorCal Home Systems, Inc.
17

18                       **LOCAL RULE 5-1(i)(3) ATTESTATION**

19
        I, James H Baker, am the ECF User whose ID and password are being used to file the foregoing
20  document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Defendants
    concurred in this filing.
21
    Dated:  December 20, 2019
22                                   By:   */s/ James H. Baker*
                                            JAMES H. BAKER
23

24

25  / / /

26  / / /

27

28

1

**[PROPOSED] ORDER**

2

**IT IS HEREBY ORDERED THAT:**

3

  The terms of this Consent Decree is fair and reasonable. As such, the provisions of the

4

foregoing Consent Decree are hereby approved and compliance with all provisions thereof is

5

HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its

6

termination, as determined by this Court.

7

IT IS SO ORDERED.

8

9

                  _____

10

                  The Honorable Jeffrey S. White
                  United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE TO EMPLOYEES**

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC), and Fidelity Home Energy, Inc. and NorCal Home Systems, Inc. have resolved a lawsuit by the EEOC involving allegations that Fidelity subjected a former employee to a hostile work environment on the basis of her national origin by requiring/permitting discrimination against potential customers of the same perceived national origin. The title of the lawsuit is: *U.S. Equal Employment Opportunity Commission vs. Fidelity Home Energy, Inc. and NorCal Home Systems, Inc. et al*; Case No. 4:19-cv-01231-JSW. The lawsuit was filed at the San Francisco Federal Courthouse. This notice is being posted by order of the Court to settle the lawsuit.

The EEOC alleges NorCal Home Systems, Inc. is a successor entity to Fidelity Home Energy, Inc. and is responsible for taking remedial measures to resolve the allegations in the lawsuit. Fidelity Home Energy, Inc. and NorCal Home Systems, Inc. deny that NorCal Home Systems is the successor to Fidelity Home Energy.

Pursuant to the settlement, Defendants have agreed to institute additional policies and procedures to prevent discrimination or a hostile work environment. Defendants will also provide additional training for supervisors and managers to make sure there is no unfair treatment in the workplace.

If you have any questions or complaints of harassment, you can follow the complaint process in your handbook, or you can contact the EEOC. The EEOC is the federal agency that protects employees from sexual harassment, retaliation and unfair treatment. Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website:   www.eeoc.gov
Phone number: (415) 522-3070
TDD: (515) 625-5610
Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT**

**MUST NOT BE DEFACED OR OBSCURED**