1  SUSAN E. BISHOP, CA STATE BAR NO. 187253
   EMILY J. TEWES, CA STATE BAR NO. 318439
2  BERLINER COHEN, LLP
   Ten Almaden Boulevard
3  Eleventh Floor
   San Jose, California 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  susan.bishop@berliner.com
   emily.tewes@berliner.com
6
   *Attorneys for Defendants*
7  *Fidelity Home Energy, Inc.*, and *NorCal Home Systems, Inc.*

8
9  ROBERTA L. STEELE, SBN 188198 (CA)
   MARCIA L. MITCHELL, SBN 18122 (WA)
   JAMES H. BAKER, SBN 291836 (CA)
10 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
   San Francisco District Office
11 450 Golden Gate Avenue, 5th Fl. West
   P.O. BOX 36025
12 San Francisco, CA  94102
   Telephone No. (415) 522-3262
13 James.Baker@eeoc.gov

14 *Attorneys for Plaintiff U.S. Equal Opportunity Employment Commission*

15

16                        UNITED STATES DISTRICT COURT

17                     NORTHERN DISTRICT OF CALIFORNIA

18
19 U.S. EQUAL EMPLOYMENT                    Case No.:  4:19-cv-01231-JSW
   OPPORTUNITY COMMISSION,
20
            Plaintiff,
21                                          **PETITION AND [PROPOSED] ORDER**
   and                                      **TO AMEND CONSENT DECREE**
22                                          **(ECF NO. 66)**
   AYESHA FAIZ,
23
            Plaintiff-Intervenor,
24
        vs.
25
   FIDELITY HOME ENERGY, INC., NORCAL
26 HOME SYSTEMS, INC., and BRADLEY
   SMITH, an Individual
27
            Defendants.
28

1    In the interest of resolving this matter Plaintiff U.S. Equal Employment Opportunity

2    Commission (EEOC), and Defendants Fidelity Home Energy, Inc. and NorCal Home Systems, Inc.

3    (Defendants), (collectively, Parties) agreed that this lawsuit should be finally resolved by entry of a

4    Consent Decree on December 20, 2019 (ECF 65).  On January 14, 2020, the Honorable Jeffrey S.

5    White, United States District Court Judge, ordered that the terms of the Consent Decree (Decree)

6    were fair and reasonable and that it be entered (ECF 66).

7    Considering the COVID-19 pandemic, local and statewide Shelter In Place (SIP) Orders

8    intended to limit the spread of COVID-19, and the effect of the SIP Orders on Defendant NorCal

9    Home Systems, Inc.'s operations, the Parties hereby stipulate to, and petition the Court to order the

10    following amendments to Sections V, VIII and X only of the Consent Decree entered in this case.

11    The purpose of the amendments is to continue deadlines for compliance with the requirements of the

12    Decree.  All other provisions of the Consent Decree approved by this Court on January 14, 2020

13    (ECF 66) shall remain in full force and effect.

14

15    **1.**    **SECTION V, PARAGRAPH B OF THE DECREE WILL BE AMENDED TO STATE
16    AS FOLLOWS:**

17    V.    EFFECTIVE DATE AND DURATION OF DECREE

18    **B.**    The Decree shall remain in effect for three (3) years after the date the Order

19    Granting the Petition to Amend Consent Decree is entered by the Court (New Effective Date) and

20    will expire on its own terms.

21

22    **2.**    **SECTION VIII (A), (D) AND (E) OF THE DECREE WILL BE AMENDED TO
23    STATE AS FOLLOWS:**

24    VIII.    SPECIFIC INJUNCTIVE RELIEF

25    **D.**    **Policy and Procedure Concerning Discrimination, Harassment,
26    Retaliation**

27    **1.**    Within ninety (90) days of the New Effective Date, Defendants shall

28    establish policies and internal procedures for receiving and investigating complaints of

1    discrimination, hostile work environment, and retaliation.

2              **2.**        The policies shall include:

3                       **(a)**        a clear explanation of prohibited conduct under Title VII,

4    including national origin-based discrimination and hostile work environment and examples;

5                       **(b)**        an explanation that prohibited conduct may include disparaging

6    remarks or discrimination aimed at or based on the race, color, religion, sex and national origin of a

7    current or potential customer;

8                       **(c)**        a requirement that officers, supervisors and managers are

9    required to actively monitor employees' compliance with the company's anti-discrimination or anti-

10   hostile work environment policies, and to report any incidents and/or complaints of discrimination,

11   hostile work environment and/or retaliation that they observe, or of which they become aware;

12                      **(d)**        an internal complaint procedure; and,

13                      **(e)**        a clear explanation that NorCal shall hold all employees,

14   including officers, management, supervisory, and human resources employees, accountable for

15   engaging in conduct prohibited under Title VII and/or failing to take appropriate proportional action

16   sufficient to address discrimination, hostile work environment or retaliation.

17             **3.**        The internal complaint procedure shall, at a minimum, clearly state

18   that:

19                      **(a)**        an employee who believes that he or she has suffered

20   discrimination, a hostile work environment or retaliation may initiate an internal complaint using the

21   internal complaint procedure, or may file an external complaint to any appropriate person or agency,

22   or both;

23                      **(b)**        employees may initiate an internal complaint verbally or in

24   writing to any appropriate person, and that no special form is required;

25                      **(c)**        NorCal will take every reasonable step to promptly resolve any

26   complaints;

27                      **(d)**        within five (5) days of a complaint, NorCal will promptly

28   commence an investigation that shall be conducted by a person who is not connected with the

1    complaint, and NorCal will complete its investigation within fifteen (15) days of the complaint;

2                              **(e)**      NorCal will communicate with the complainant in writing

3    regarding the status of the complaint, investigation, results of the investigation and any remedial

4    action taken within five (5) days of completing its investigation;

5                              **(f)**      NorCal shall not tolerate retaliation against any employee for

6    complaining, assisting, or participating in the internal complaint procedure or any external complaint

7    procedure;

8                              **(g)**      NorCal will memorialize verbal complaints, and maintain

9    written records of all investigatory steps, including interview notes, findings or conclusions of the

10   investigation and any remedial actions taken;

11                             **(h)**      the internal complaint procedure does not replace the right of

12   any employee to file a charge or complaint of discrimination, harassment or retaliation under any

13   available municipal, state, or federal law; and,

14                             **(i)**      if an allegation of discrimination or retaliation against any

15   employee is substantiated, then such conduct will result in appropriate and proportionate discipline,

16   up to and including discharge.

17                    **4.**      Within ninety (90) days of the New Effective Date, NorCal shall

18   provide the EEOC with a copy of the policies and procedures described in this Section, including the

19   revised internal complaint procedures.  Upon receipt, the EEOC shall have fifteen (15) days to

20   review and/or comment on the policies and procedures.  No later than one hundred twenty (120)

21   days after the New Effective Date, NorCal shall disseminate the policies and procedures described in

22   this Section to its employees, including management, supervisory, and human resources employees.

23                    **5.**      NorCal shall submit to the EEOC, for its review and consideration no

24   later than thirty (30) days before adoption, any proposed material modifications to the policies

25   referenced in this Section.  The EEOC will notify NorCal within fifteen (15) days of receipt of the

26   proposed modifications if it has any concerns about the proposed modifications.  EEOC agrees to

27   review the proposed modifications in good faith.

28                    **6.**      For purposes of this Section, "material modifications" shall refer to

1    any modifications to the substantive provisions referenced in Paragraphs VIII(D)(2) and VIII(D)(3),

2    above.

3    **E.      Training**

4    **1.**      All non-supervisory employees shall be required to attend a live

5    training program, which may be conducted over virtual conferencing if necessary to comply with

6    safety and health orders, annually during the duration of this Decree.  The program shall be at least

7    one (1) hour hours in length and shall include:

8    **(a)**      instruction on equal employment opportunity rights and

9    responsibilities, including, but not limited to, Title VII's prohibitions against national-origin based

10   discrimination, hostile work environment or retaliation, and NorCal's policies and procedures for

11   reporting and handling complaints of discrimination, hostile work environment or retaliation;

12   **(b)**      a component of "respectful workplace training," i.e.,

13   instruction intended to educate employees about conduct that is unacceptable in the workplace,

14   including behavior which, if left unchecked, may rise to the level of actionable discrimination, or

15   hostile work environment;

16   **(i)**      such training shall specifically educate employees that

17   impermissible behavior includes rejecting or screening out a customer or potential customer on the

18   basis of their actual or perceived race, color, religion, sex or national origin;

19   **(c)**      a component of "bystander intervention training," i.e.,

20   instruction that will emphasize that a co-worker who observes harassment, or hostile work

21   environment or discrimination should report it to management; and

22   **(d)**      NorCal shall ensure that the training is developed and

23   administered by instructors with expertise in anti-harassment and anti-discrimination matters. The

24   initial training of non-supervisory employees shall be concluded within one hundred twenty (120)

25   days of the New Effective Date.

26   **2.**      All supervisory employees, including managers and officers shall be

27   required to attend a live harassment training program annually during the duration of this Decree.

28   The program will be at least three (3) hours in length and, in addition to the topics listed in Section

1  VIII(E)(1) above, shall include training on recognizing discrimination and a hostile work

2  environment; taking preventative and corrective measures against discrimination and a hostile work

3  environment; the responsibilities of managers under equal employment opportunity laws; properly

4  handling and investigating complaints of discrimination and/or hostile work environment in a neutral

5  manner, and how to prevent retaliation.  The initial training of supervisory employees must be

6  concluded within one hundred and twenty (120) days of the New Effective Date and must be video-

7  recorded.

8        **3.**    Thereafter, during the duration of the Decree, all employees newly-

9  hired or promoted from a non-supervisory to a managerial or supervisory position shall receive the

10  harassment training described in Section VIII(E)(1)-(2) within sixty (60) days of hire or promotion.

11  If no live training is scheduled to occur within sixty (60) days of the hire or promotion, the employee

12  may satisfy the training requirement by watching a video recording of the prior live training.

13  Employees required to watch the video recording shall be provided an opportunity to submit

14  questions to, and to receive answers from, a human resources person familiar with the materials

15  covered during the live training.

16        **4.**    NorCal shall provide copies of all policies referenced in Section

17  VIII(E) to new employees within thirty (30) days of hire.

18        **5.**    NorCal shall track in writing or electronically all employees required

19  to attend, and who do attend a training program described in Section VIII(E).

20        **6.**    Within (60) days after the New Effective Date, NorCal shall identify

21  all proposed trainers for the training to be provided pursuant to Sections VIII(E)(1) through

22  VIII(C)(2) of this Decree.  The EEOC will raise any objections to the proposed trainers within

23  fifteen (15) days of identification.

24        **7.**    Within ninety (90) days after the New Effective Date, NorCal shall

25  submit to the EEOC a description of all training to be provided pursuant to Section VIII(E)(1)

26  through VIII(E)(2) of this Decree and an outline of the curriculum developed for the trainees.  EEOC

27  may provide comment within fifteen (15) days regarding any proposed revisions to the trainings.

28        **8.**    For all subsequent training sessions, NorCal shall provide the EEOC

1   with copies of all training materials (if materially changed in any way) no later than thirty (30) days

2   prior to use.  The EEOC will advise NorCal of any objections or comments to proposed training

3   materials within fifteen (15) days.

4          **9.**      For purposes of this Section, "materially" shall refer to any

5   modifications that change the substantive provisions referenced in Paragraphs VIII(E)(1) through

6   VIII(E)(2) of this Section.

7

8   **3.      SECTION X OF THE DECREE WILL BE AMENDED TO STATE AS FOLLOWS:**

9          **A.**      In addition to the notice and reporting requirements above, NorCal shall

10  provide the following reports to the EEOC by e-mail to EEOC-

11  SFDO_COMPLIANCE@eeoc.gov:

12          **1.**      Within one hundred eighty (180) days after the New Effective

13  Date, NorCal shall submit to EEOC an initial report containing the following information

14  regarding NorCal's actions under this Decree:

15                  **(a)**      a copy of the positive letter of reference for Ms. Faiz, as

16  described in Section VIII(B)(1);

17                  **(b)**      a copy of its discrimination, hostile work environment and

18  retaliation policies required under the terms of this Decree, including the internal complaint and

19  investigation procedures;

20                  **(c)**      a description of any changes or modifications to any of

21  NorCal's customer or lead management databases as described in Section VIII(C), including the

22  dates and purpose of the modification and the names and most recent contact information of

23  anyone who modified the database;

24                  **(d)**      a copy of the data dictionary specified in Section VIII(C);

25  and,

26                  **(e)**      a statement confirming all training required under this

27  Decree has been initiated and/or completed.

28          **2.**      NorCal shall also provide semi-annual reports throughout the term

PETITION AND [PROPOSED] ORDER
TO AMEND CONSENT DECREE                            7                            4:19-cv-01231-JSW

1    of this Decree containing the following information (subparts (a) – (e), below) regarding

2    NorCal's actions under this Decree.  The first report, described in detail above as the "initial

3    report," shall be submitted within one hundred eighty (180) days of the New Effective Date;

4    subsequent reports shall be submitted every one hundred eighty (180) days throughout the

5    duration of the Decree.

6                    **(a)**    Complete attendance lists for all training sessions required

7    under this Decree that took place during the previous six months; and,

8                    **(i)**    The list shall include for each individual, their hire

9    date, job title, supervisory status, and the date of their attendance at the training.

10                   **(b)**    A report detailing any national origin-based harassment or

11   hostile work environment complaints made to, investigated by, or resolved by NorCal in the

12   previous six months.  This report shall include, at a minimum: (i) the names and contact

13   information of the complainants and witnesses; (ii) the nature of the complaint; (iii) the names of

14   the alleged perpetrators of national origin-based discrimination or hostile work environment; (iv)

15   the dates of the alleged national origin-based discrimination or hostile work environment; (v) a

16   brief summary of how each complaint was resolved; and (vi) the identity of each NorCal's

17   employee(s) who investigated or resolved each complaint.

18                   **(c)**    A description of any changes or modifications to any of its

19   customer or lead management databases, including the dates and purpose of the modification and

20   the names and most recent contact information of anyone who modified the database.

21                   **(d)**    A signed certification that NorCal has satisfied the posting

22   requirements of Section IX for the preceding one hundred eighty (180) days, and that the posting

23   has not been defaced, or if it had been defaced, that it has since been corrected.

24                   **(e)**    A description of any purchase or transfer of all or a portion

25   of NorCal's assets, including a description of the purchaser or transferee and the date(s) of any

26   transfer or purchase.

27           **3.**    NorCal shall provide the information mandated in Section X(A)(1)

28   and Section X(A(2)(a)-(c) in one of the following searchable formats:  Excel, Access, or ASCII

1    delimited ("csv").  Regardless of the format, the first row shall consist of the field (or variable)

2    names.  There must be one column for each field (variable) requested.  First and last names must

3    be provided as separate fields (variables).

4

5        All parties, through the undersigned, respectfully apply for and consent to the entry of this

6    Petition as an Order of this Court.

7    Dated:  August 20, 2020

8    BY: */s/ Roberta L. Steele*                  SHARON FAST GUSTAFSON
        ROBERTA L. STEELE                               General Counsel
9        Regional Attorney

        MARCIA L. MITCHELL                              ROBERTA A. CANINO
10       Supervisory Trial Attorney                      Acting Deputy General Counsel

11       JAMES H. BAKER                                  GWENDOLYN Y. REAMS
         Trial Attorney                                  Associate General Counsel

12
        U.S. EQUAL EMPLOYMENT                            Office of the General Counsel
13      OPPORTUNITY COMMISSION                           131 "M" Street NE
                                                         Washington, D.C. 20507
14      *Attorneys for Plaintiff EEOC*

15

        Dated:  August 20, 2020
16

17      BY: */s/ Susan E. Bishop*           
            Susan E. Bishop
18          BERLINER COHEN, LLP

19      *Attorneys for Defendants Fidelity Energy Home,*
        *Inc. and NorCal Home Systems, Inc.*

20

21                         **LOCAL RULE 5-1(i)(3) ATTESTATION**

22
            I, James H Baker, am the ECF User whose ID and password are being used to file the foregoing
23      document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Roberta Steele and counsel for
        Defendant concurred in this filing.

24
        Dated:  August 20, 2020
25

26                                      By:  */s/ James H. Baker*         
                                             JAMES H. BAKER

27      / / /

28      / / /

**[PROPOSED] ORDER**

**IT IS HEREBY ORDERED THAT:**

The terms of this Petition to Amend Consent Decree are fair and reasonable.  As such, the provisions of the foregoing Amendments to the Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.


Dated: _____

_____
HON. JEFFREY S. WHITE
United States District Court Judge